United States District Court
Southern District of Texas
**ENTERED**
July 24, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER OUABDERHM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-1429 |
| | § | |
| THE MONEY SOURCE, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In March 2019, Jennifer Ouabderhm sued The Money Source, Inc., a mortgage servicer, over a foreclosure dispute, asserting fraud, negligent misrepresentation, violations of the deed of trust and the Texas Property Code, and wrongful possession of collateral. The Money Source has moved for summary judgment, arguing that Daniel Bush, Ouabderhm's husband and coborrower, is a necessary party who must be joined under Federal Rule of Civil Procedure 19, and that there is no record evidence supporting Ouabderhm's claims. Ouabderhm responded, and The Money Source replied.

After a review of the pleadings; the motion, response, and reply; the record evidence; and the applicable law, the court denies, without prejudice, The Money Source's summary judgment motion. (Docket Entry No. 14). Ouabderhm must file an amended complaint adding Bush as a party by **August 23, 2019**. The Money Source must file any subsequent motion for summary judgment by **September 13, 2019**, Ouabderhm and Bush must respond by **October 4, 2019**, and The Money Source may reply by **October 11, 2019**. The reasons for these rulings are explained in detail below.

**I.      Background**

In August 2016, Ouabderhm and Daniel Bush obtained a loan from Houstonian Mortgage Group, Inc. to buy a home in Willis, Texas. (Docket Entry No. 14-1 at 8). Their promissory note required them to pay $972.90 on the first day of each month for 30 years, beginning on October 1, 2016. (*Id.*). The note was secured by a deed of trust that Ouabderhm and Bush also signed in August 2016. (Docket Entry No. 1 at 13). The Money Source began servicing Ouabderhm's and Bush's mortgage in October 2016. (Docket Entry No. 14-1 at 2).

Ouabderhm and Bush failed to make their loan payments for October and November 2016. (*Id.* at 3). In December 2016, Ouabderhm asked The Money Source for mortgage assistance, claiming that Bush had lost his job and that they did not have enough income to pay the monthly amount under the note. (*Id.*). The Money Source granted Ouabderhm and Bush a temporary forbearance in February 2017, which required them to pay $612.43 each month from March to August 2017. (Docket Entry No. 14-1 at 12–16). Ouabderhm and Bush made the reduced payments, but the mortgage remained in default. (Docket Entry No. 14 at 4–5).

On September 6, 2017, The Money Source sent Ouabderhm and Bush notice by certified mail that they remained in default, the company intended to accelerate the loan, and that if Ouabderhm and Bush did not cure the default, The Money Source would foreclose on the property. (Docket Entry No. 14-1 at 19–21). Ouabderhm and Bush applied for another forbearance on September 13, 2017, which The Money Source granted in October 2017. (*Id.* at 25). Under the second forbearance, Ouabderhm and Bush were not required to make a mortgage payment until February 1, 2018. (*Id.* at 26).

On March 21, 2018, Ouabderhm applied for an extension of the second forbearance. (Docket Entry No. 15-1 at 22). The Money Source denied the request on April 3, 2018, explaining

2

that the "application does not meet program guidelines." (Docket Entry No. 14-1 at 30). On April 27, The Money Source sent Ouabderhm and Bush a letter notifying them that they were "in default" and that it had "initat[ed] foreclosure proceedings to seek resolution of the loan balance." (Docket Entry No. 15-4 at 5). On June 11, 2018, The Money Source's substitute trustee filed a notice of trustee's sale scheduling the foreclosure of Ouabderhm's and Bush's property on August 7, 2018. (Docket Entry No. 14-2 at 24). On June 28, 2018, The Money Source denied Ouabderhm's application for loss-mitigation assistance because it did not have enough documentation of Ouabderhm's and Bush's income. (Docket Entry No. 14-1 at 33).

On August 7, 2018, The Money Source's substitute trustee foreclosed on Ouabderhm's and Bush's home. (Docket Entry No. 14 at 7). On March 8, 2019, The Money Source, the foreclosing beneficiary and purchaser at the sale, obtained a state-court judgment that Ouabderhm and Bush were no longer entitled to possess the home. (Docket Entry No. 4-1 at 19). The judgment required Ouabderhm and Bush to post a $1,000 bond to file an appeal. (*Id.*).

Instead of posting the bond and appealing the judgment, Ouabderhm sued The Money Source in state court on the same day the judgment was entered, alleging fraud, negligent misrepresentation, "[non]compliance with Texas Sale Procedures," and wrongful possession of collateral. (Docket Entry No. 1 at 10–11). The Money Source timely removed. (Docket Entry No. 1). In April 2019, Ouabderhm applied for a temporary restraining order to enjoin the state-court judgment. (Docket Entry No. 4). The court denied the temporary restraining order application and directed the parties to exchange the loan documents and communications between Ouabderhm and The Money Source. (Docket Entry No. 9). The Money Source moved for summary judgment in June 2017, arguing that Bush is a necessary party who must be joined under

Rule 19, and that there is no record evidence supporting Ouabderhm's claims. (Docket Entry No. 14). Ouabderhm responded, and The Money Source replied. (Docket Entry Nos. 15, 16).

## II.     The Legal Standards

### A.     Summary Judgment

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations and citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl.,*

*L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate "the precise manner in which" that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotation omitted). "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

**B.     Joinder of "Required" Parties**

Rule 19 "directs federal courts to join 'required' parties when feasible." *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019); *see also HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) ("Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue."). Under Rule 19(a)(1), a

> person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). If a required person has not been joined, "the court must order that the person be made a party." FED. R. CIV. P. 19(a)(2). A district court has discretion in assessing whether a party is necessary. *Moss*, 913 F.3d at 514–15.

## III. Analysis

The Money Source argues that Bush is a required party under Rule 19 because, if Ouabderhm prevails, the court's relief would reimpose the mortgage, requiring Bush not only to pay the mortgage, but also to cure the default to avoid another foreclosure. (Docket Entry No. 14 at 9). The Money Source also argues that Bush is a required party because, if he is not joined, the company faces a risk of a multiplicity of lawsuits. (*Id.* at 10). Bush could sue The Money Source if Ouabderhm does not obtain a favorable judgment. (*Id.*).

Ouabderhm responds that "Bush does not oppose [her] filing and prosecution of this lawsuit." (Docket Entry No. 15 at 10). Ouabderhm also responds that Bush is not a required party because he "could only benefit from the relief sought." (*Id.*). In support of her arguments, Ouabderhm submitted a power of attorney Bush signed appointing Ouabderhm as his agent. (Docket Entry No. 17-1).

The court finds that Bush is a required party. Because Bush cosigned the note and deed of trust, "it is clear that [he] has at least as much of an interest in this dispute as" Ouabderhm. *Clark v. Deutsche Bank Nat. Tr. Co.*, No. 2:12-CV-231-KS-MTP, 2013 WL 3821568, at *6 (S.D. Miss. July 23, 2013); *see also Long v. Miken Oil, Inc.*, No. 12-14-250-CV, 2016 WL 1039443, at *2 (Tex. App.—Tyler Mar. 16, 2016, no pet.) ("The general rule is that, before property can be

6

partitioned, all of the joint owners or cotenants must be made parties so that the court may determine the interest each party has therein and make a proper distribution of the property."). Bush's joint interest in the property could result in The Money Source "be[ing] exposed to multiple or inconsistent obligations if he were to bring his own suit relating to the mortgage" and, as a result, "'complete relief' cannot be afforded to each of the 'existing parties'" in Bush's absence. *Howard v. ABN AMRO Mortg. Grp., Inc.*, No. 1:13-CV-543-KS-MTP, 2014 WL 1237317, at *5 (S.D. Miss. Mar. 26, 2014) (quoting FED. R. CIV. P. 19(a)(1)(A)). Though Ouabderhm states that Bush does not oppose this lawsuit, his "ability to protect his interests in a separate action may be impaired or impeded if he is found to be in privity with" Ouabderhm because he signed the mortgage documents. *Id.* Ouabderhm concedes that Bush's joinder is feasible and, because Bush is a Texas resident and The Money Source is a New York corporation, his joinder will not destroy diversity. (Docket Entry No. 15 at 11). The court orders Ouabderhm to file an amended complaint naming Bush as a party by **August 23, 2019**.

## IV. Conclusion

The Money Source's summary judgment motion is denied, without prejudice. (Docket Entry No. 14). Ouabderhm's motion for leave to file Bush's power-of-attorney form is denied as moot. (Docket Entry No. 17). Ouabderhm must file an amended complaint naming Bush as a party by **August 23, 2019**. The Money Source must file any subsequent motion for summary judgment by **September 13, 2019**, Ouabderhm and Bush must respond by **October 4, 2019**, and The Money Source may reply by **October 11, 2019**.

If Ouabderhm and Bush assert a fraud claim, the amended complaint must comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338–39 (5th Cir. 2008). If Ouabderhm and Bush assert negligent

7

misrepresentation based on The Money Source "imply[ing] that the [mortgage-relief application] would be seriously considered," as Ouabderhm argued in her summary judgment response, the amended complaint must explain how that implication is an actionable statement. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 448 (5th Cir. 2013) ("The district court held, and we agree, that plaintiffs' claim for negligent misrepresentation fails as a matter of law because the statements at issue—alleged promises that plaintiffs would be eligible for [mortgage assistance] and the foreclosure sale would be postponed—are representations as to conditional future events and promises of future conduct, not statements of existing fact and, under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort." (quotation omitted)).

Lastly, if Ouabderhm and Bush assert wrongful foreclosure based on the allegation that they did not receive The Money Source's legally required notice, which Ouabderhm concedes The Money Source sent by certified mail, the amended complaint must specify a statute or judicial decision that supports their claim.[1] *See Clark v. Fed. Deposit Ins. Corp.*, 849 F. Supp. 2d 736, 747 (S.D. Tex. 2011) ("Plaintiffs' objection that they did not receive one or more notices required by law is not relevant. Texas Property Code § 51.002(e) states, 'Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address.' [P]laintiffs have no basis to challenge the validity of the foreclosure.").

SIGNED on July 24, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[1] Assuming that the alleged notice was defective, Ouabderhm and Bush must also allege facts showing the other elements of a wrongful-foreclosure claim: a "grossly inadequate selling price" and a "causal connection between the defect and the grossly inadequate selling price." *Morris v. Deutsche Bank Nat'l Tr. Co.*, 528 S.W.3d 187, 197 (Tex. App.—Houston [14th Dist.] 2017, no pet.).